UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL ANGELO LAMAR, SR., }
　　　　　　　　　　　　　　 }
　　　Plaintiff, 　　　　　　}
　　　　　　　　　　　　　　 }　CIVIL ACTION NO.
　　　vs. 　　　　　　　　　 }
　　　　　　　　　　　　　　 }　CV-98-AR-0442-S
AMERICAN CAST IRON PIPE 　　 }
COMPANY and NICK JOHNSON, 　 }
　　　　　　　　　　　　　　 }
　　　Defendants. 　　　　　 }

ENTERED
AUG 3 1998

## MEMORANDUM OPINION

The above-entitled action is before the court on a motion to dismiss and a motion for summary judgment filed by defendants, American Cast Iron Pipe Company ("ACIPCO") and Nick Johnson, ("Johnson"). Plaintiff, Michael Angelo Lamar, Sr. ("Lamar"), alleges that ACIPCO wrongfully discharged him on the basis of his race in violation of the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In a companion claim, Lamar alleges that ACIPCO wrongfully discharged him because of his purported disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). For the reasons that follow, the court concludes that defendants' motion to dismiss is well taken in certain respects.

### A. Lamar's Claims Against Johnson

In their motion to dismiss, ACIPCO and Johnson argue that Johnson is due to be dismissed as a defendant because Lamar also has named ACIPCO, Johnson's and Lamar's employer, as a defendant. This argument is well taken. It is well settled in this circuit that where, as here, a plaintiff directly names the employer as a defendant, individual capacity suits against the employer's agents are inappropriate under both the ADA and Title VII. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that ADA does not provide for individual liability); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (concluding that individuals cannot be held liable under ADEA and Title VII) (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)). Furthermore, in his opposition to defendants' motion to dismiss, Lamar concedes that Johnson is not a proper defendant. *Pl.'s Opp'n to Defs.' Mot. to Dismiss* at ¶ 9. Accordingly, in light of Lamar's concession and the foregoing controlling authority, the court concludes that Lamar's claims against Johnson are due to be dismissed as a matter of law.

### B. Lamar's ADA Claim Against ACIPCO

As noted above, Lamar claims, *inter alia*, that ACIPCO wrongfully discharged him because of his purported disability — a

2

"severe wrist injury" that occurred in or around October 1994. *Am. Compl.* at ¶ 6. In its motion to dismiss, ACIPCO argues that Lamar failed to exhaust his administrative remedies with respect to his ADA claim prior to filing suit. One court has described the exhaustion requirement within the ADA context as follows:

> Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it. A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace. "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Naturally every detail of the eventual complaint need not be presaged in the EEOC filing, but the substance of the ADA claim, like that of the Title VII claim, must fall within the scope of the "administrative investigation that can reasonably be expected to follow the charge of discrimination."

*Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1097 (D.C. Cir. 1997) (citations omitted and alteration in original); *cf. Oliver v. Russell Corp.*, 874 F. Supp. 367, 370-71 (M.D.Ala. 1994) (discussing exhaustion requirement within Title VII context). Lamar concedes that, when he filed his charge of discrimination with the EEOC on March 11, 1997, he made no reference to the ADA or to any disability-based discrimination. *Pl.'s Opp'n to Defs.' Mot. to Dismiss* at ¶ 9. In the court's view, it cannot be said that an EEOC investigation premised on a charge of race-based discrimination should be expected or reasonably anticipated to

3

grow to include an investigation of possible disability-based discrimination. *Oliver*, 874 F. Supp. at 370-71. Therefore, as per *Marshall*, the court concludes that Lamar's ADA claim is beyond the scope of his EEOC charge and that this court is without jurisdiction to hear any such claim. *Id*.

### C. Lamar's Title VII Claim Against ACIPCO

Lastly, Lamar claims that ACIPCO violated Title VII by discharging him on account of his race. In its motion for summary judgment, ACIPCO does not address the merits of the claim. Rather, the company asserts that this claim is barred by a procedural defect. More specifically, ACIPCO argues that, because Lamar filed his complaint more than ninety (90) days after the EEOC mailed his right-to-sue notice, Lamar's Title VII claim is untimely. This argument is not well taken. The facts bearing on it are disputed and could be decided either way.

It is undisputed that the EEOC mailed Lamar's right-to-sue notice to his last known address on November 3, 1997. *Defs.' Exh. 5 to Mot. for Summ. J.* Thus, the **presumed** date of receipt of the notice was November 6, 1997. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S.Ct. 1723, 1724 n.1 (1984). However, in his affidavit, Lamar testifies that he did not actually receive a copy of the right-to-sue notice until February

4

4, 1998. *Lamar Aff.* at ¶ 8. In short, notwithstanding the **presumption** in favor of receipt, Lamar has created a question of material fact as to the date he actually received notice of his right-to-sue from the EEOC. Obviously, the existence of this fact question renders summary judgment on Lamar's Title VII claim inappropriate at this time.

### *Conclusion*

The Court will enter a separate and appropriate order that is consistent with the conclusions reached hereinabove.

DONE this 3rd day of August, 1998.

                                           WILLIAM M. ACKER, JR.
                                           UNITED STATES DISTRICT JUDGE