```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

MICHAEL ANGELO LAMAR, SR.,    )
                              )
    Plaintiff,                )
                              )
v.                            )    CV-98-AR-0442-S
                              )
AMERICAN CAST IRON PIPE        )
COMPANY,                      )
                              )
    Defendant.                )

FILED 99 JUL -2 PM 2:29 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUL - 2 1999

## MEMORANDUM OPINION

Presently before the court is a motion for summary judgment filed by defendant, American Cast Iron Pipe Company ("ACIPCO"). When plaintiff, Michael Angelo Lamar ("Lamar"), initially filed the above-entitled action against his employer, ACIPCO, he claimed discrimination on the basis of both race and disability, and he named an additional defendant, Nick Johnson ("Johnson"). Upon defendants' motion, the court earlier dismissed 1) all of Lamar's claims against Johnson, thus removing Johnson from the case, and 2) the disability claim against ACIPCO. *See Memorandum Opinion and Order*, August 3, 1998. ACIPCO now moves for judgment as a matter of law on the sole remaining count related to race discrimination.

ACIPCO filed its present motion on May 21, 1999, after which the court issued a submission order directing ACIPCO to file "any further materials and briefs" by May 6, 1999, and further

directing that "[i]f non-movant(s) desire to respond, non-movant(s) must do so at or before **4:30 P.M.** on **June 1, 1999**." *See Order*, May 14, 1999 (emphasis in original).  Lamar failed to respond to ACIPCO's motion, and no evidence whatsoever has been submitted to support his claims.  Accordingly, ACIPCO's evidence stands undisputed and its arguments unrebutted.

Lamar is a *pro se* plaintiff, having been without counsel since the court allowed K. David Sawyer to withdraw as Lamar's counsel on January 15, 1999.  It appears from the record that Lamar's home address changed after he filed his initial EEOC charge, and that the address change initially occasioned some delay in his receipt of mail.  See *Pl.'s Aff.*, June 22, 1998.  In the spirit of patience, the court has double-checked to ensure that the motion and the submission order were mailed to the proper address.  They were.  The court fairly presumes that Lamar has received notice of the pending motion and of his obligations to present evidence in opposition to it.  Due to the fact that Lamar's action was partially dismissed when this court ruled upon ACIPCO's earlier motion to dismiss, Lamar should certainly understand the gravity of the current motion and should appreciate the current possibility that his remaining claim could be dismissed.

Without any evidence in the record to support Lamar's allegations, it is undisputed that ACIPCO policy requires a step-

by-step disciplinary process which may lead to termination. *See Def.'s Exh. 5, ACIPCO Plant Rules*. In fact, Lamar's deposition testimony concedes three violations of Plant Rule #12. *Pl.'s depo.*, at 128, 137, 148. He further concedes that ACIPCO policy dictates termination under those circumstances. *Pl.'s depo.*, p. 147. Lamar fails to make out a *prima facie* case of discrimination because he concedes that he has no evidence to show that white employees who similarly violated ACIPCO rules were not disciplined as called for by the rules. *Pl.'s depo.*, at 143. Finally, there is absolutely no evidence in the record to suggest that ACIPCO's purportedly nondiscriminatory application of legitimate disciplinary rules masks hidden discriminatory motives. To overcome the presumption of nondiscrimination created by ACIPCO's evidence, Lamar would have to show that ACIPCO's explanation of its conduct toward him is merely pretext for actual discriminatory intent. Because Lamar fails in this regard, his discrimination claim ultimately fails as a matter of law.

For the foregoing reasons, ACIPCO's motion for summary judgment will be granted by separate and appropriate order.

DONE this 2nd day of July, 1999.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE